UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY D. AGGISON, *pro se,*

    Plaintiff,

v.                        Case No. 5:12-cv-125-Oc-30TBS

FUN LAFAYE et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff, *pro se* and *in forma pauperis,* initiated this prisoner civil rights action alleging he was assaulted by FCC Coleman staff while he was confined in segregation at FCC Coleman. (Doc. 1). Plaintiff states that he has not completed the administrative remedy process that is available to him. *See* Doc. 1, pgs. 4, 10.

### Review of In Forma Pauperis Cases

Pursuant to 28 U.S.C. § 1915 governing proceedings in forma pauperis, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[1] or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[2] The Court must liberally construe a pro se Plaintiff's allegations.[3]

---

[1] 28 U.S.C. § 1915(e)(2)(A).

[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (*citing Alexander*, 159 F.3d at 1326).

In *Alexander*, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give

>   the agency a chance to discover and correct its own errors; and
>   (7) to avoid the possibility that "frequent and deliberate flouting
>   of the administrative processes could weaken the effectiveness
>   of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

As noted, Plaintiff concedes in the Complaint that he has not completed the administrative remedy process that is available to him. Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (*citing Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Accordingly, this case must be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

## Conclusion

This case is hereby **DISMISSED without prejudice**. The Clerk of the Court shall terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3